UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALMIKI RAMANI,

                Plaintiff,

-against-

NIKI RANDAWA HALEY, FORMER REPUBLICATION PRESIDENTIAL CANDIDATE,

                Defendant.

24-CV-5747 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se* alleging a "theft of intellectual property" claim. (ECF 1.) By order dated October 28, 2024, the Court: (1) dismissed this action as frivolous; (2) noted that of the 11 other complaints Plaintiff filed in this district, one was dismissed on immunity grounds and 10 were transferred to other jurisdictions and dismissed by the transferee courts for failure to state a claim, lack of subject matter jurisdiction, or both; and (3) also noted that Plaintiff had been previously warned that a prefiling injunction could be imposed upon him if he persisted in filing complaints alleging nonmeritorious intellectual property claims or other frivolous litigation. (ECF 5) (listing cases). The Court ordered Plaintiff to show cause by declaration why he should not be barred from filing further actions *in forma pauperis* ("IFP") in this Court without prior permission. Plaintiff filed a declaration on November 16, 2024, but his arguments against imposing the bar order are insufficient. (ECF 6.) Accordingly, the bar order will issue.

## CONCLUSION

      The Court hereby bars Plaintiff from filing future civil actions IFP in this court without first obtaining from the court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of his proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this court. If Plaintiff violates this order and files an

action without filing a motion for leave to file, the action will be dismissed for failure to comply with this order.

Plaintiff is further warned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.* The Clerk of Court is directed to close this action and terminate any motions in this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   November 21, 2024
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge